UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| CONNIE STEELMAN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 4:12CV15 JAR |
| ) | |
| THE EUGENE AND BETTER MARTIN ) | |
| TRUST D/B/A SHELTER INSURANCE, ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court upon its review of the Complaint. The Court is obliged to examine Plaintiff's standing to bring this lawsuit sua sponte as it is a threshold question of jurisdiction. Adarand Constructors, Inc. v. Mineta, 534 U.S. 103, 110 (2001); Gaslin v. Fassler, 377 Fed. Appx. 579 (8th Cir. 2010); Delorme v. United States, 354 F.3d 810, 815 (8th Cir. 2004)(" As a jurisdictional requirement, ... standing can be raised by the court sua sponte at any time during the litigation."); Steger v. Franco, Inc., 228 F.3d 889, 892 (8th Cir. 2000) (citing Warth v. Seldin, 422 U.S. 490, 498, 95 S. Ct. 2197, 45 L. Ed. 2d 343 (1975)(A plaintiff's standing to sue "is the threshold question in every federal case, determining the power of the court to entertain the suit.").

Federal jurisdiction is limited by Article III, § 2, of the U.S. Constitution to actual cases and controversies. Brown v. Grand Island Mall Holdings, Ltd., No. 4:09CV3086, 2010 U.S. Dist. LEXIS 10695, at *6 (D. Neb. Feb. 8, 2010).. To show Article III standing, a plaintiff has the burden of proving: (1) that he or she suffered an "injury-in-fact," (2) a causal relationship between the injury and the challenged conduct, and (3) that the injury likely will be redressed by a favorable decision. Steger, 228 F.3d at 892 (citing Lujan v. Defenders of Wildlife, 504 U.S. 555, 560-61, 112 S. Ct. 2130, 119 L. Ed. 2d 351 (1992)). Standing is determined as of the lawsuit's commencement. Id.

"An injury-in-fact is a harm that is 'concrete and particularized' and 'actual or imminent, not conjectural or hypothetical.'" Steger, 228 F.3d at 892 (citing Lujan, 504 U.S. at 560-61). A plaintiff must show that she "sustained or is immediately in danger of sustaining some direct injury as the result of the challenged … conduct and [that] the injury or threat of injury [is] both real and immediate …." City of Los Angeles v. Lyons, 461 U.S. 95, 102, 75 L. Ed. 2d 675, 103 S. Ct. 1660 (1983) (internal quotations omitted). Although a plaintiff need not engage in the "futile gesture" of visiting a building containing known barriers that the owner has no intention of remedying, see 42 U.S.C. § 12188(a)(1), a plaintiff must at least prove knowledge of the barriers and that they would visit the building in the imminent future but for those barriers. See Friends of the Earth, Inc. v. Laidlaw Envtl. Servs., Inc., 528 U.S. 167, 120 S. Ct. 693, 704-06, 145 L. Ed. 2d 610 (2000) (noting proof that environmental plaintiffs would use waterway for recreational purposes but for polluted condition is sufficient to show injury-in-fact). "Intent to return to the place of injury 'some day' is insufficient." Steger, 228 F.3d at 893 (citing Lujan, 504 U.S. at 564).

Moreover, an ADA plaintiff cannot manufacture standing to sue in a federal court by simply claiming that she intends to return to the business. Brown, 2010 U.S. Dist. LEXIS 10695, at *9-10. Rather, in evaluating the likelihood of return, the courts examine four factors: (1) proximity of the place of public accommodation to the plaintiff's residence; (2) the plaintiff's past patronage of defendant's business; (3) the definitiveness of the plaintiff's plans to return; and (4) the plaintiff's frequency of travel near the accommodation in question." Id. (citing Kramer v. Mfidamco, 656 F.Supp.2d 740, 747-51 (N.D.Ohio 2009); Wilson v. Kayo Oil, 535 F.Supp.2d 1063, 1067 (S.D.Cal. 2007)).

"A plaintiff can establish a likelihood of future injury based on his or her previous visits to defendant's facility and a present desire to return to the location." Brown, 2010 U.S. Dist. LEXIS 10695, at *10. Where a plaintiff visits a public accommodation "only once, the lack of a history of

- 2 -

past patronage seems to negate the possibility of future injury at [that] particular location." <u>Disabled Patriots of America, Inc. v. City of Trenton</u>, No. 07-CV-3165(FLW), 2008 U.S. Dist. LEXIS 73010, 2008 WL 4416459, *5 (D.N.J. Sep. 24, 2008) (quoting <u>Molski v. Kahn Winery</u>, 405 F.Supp.2d 1160, 1164 (C.D.Cal. 2005)). Stated differently, "[a] presumption against future injury applies unless [the plaintiff] can show a connection to the establishment." <u>Id.</u>

For example, in <u>Brown</u>, the Court noted the plaintiff's failure to provide dates for any visits to the defendant's business (other than her single visit with a legal assistant), to describe the purpose of those visits, or to produce any supporting documentation cast doubt on whether plaintiff would patronize the defendant shopping center in the future. 2010 U.S. Dist. LEXIS 10695, at *10-11. The plaintiff also did not express any definite intention to return to the shopping center. <u>Id.</u> at *11. The mere fact that the plaintiff lived in the same city as the shopping center was insufficient absent some detailed intention to visit the center. Likewise, the plaintiff's "tester" status did not relieve her of her obligation to prove in that case that she would return to the shopping center once the alleged barriers to access were removed. <u>Id.</u> at *12, n.6. Accordingly, the district court held that the plaintiff did not have standing to bring the lawsuit.

Here, Plaintiff merely alleges that she "has visited the property which forms the basis of this lawsuit and plans to return to the property to avail herself of the goods and services offered to the public and the property, and to determine whether the property has been made ADA compliant." (Complaint ("Compl."), ECF No. 1, ¶5). Plaintiff does not identify specifically when she visited the property, for what purposes she visited the property, or when in the future she intends to visit the property.

Plaintiff also claims that "it would be a futile gesture to attempt to visit Defendant's property if she wishes to do so free of discrimination." (Compl., ¶6). While the Court dose not require Plaintiff to perform a "futile gesture" (<u>see</u> 42 U.S.C. § 12188(a)(1)), Plaintiff must "prove ... that

- 3 -

[she] would visit the building in the imminent future but for those barriers." See Steger v. Franco, Inc., 228 F.3d 889, 892.  Plaintiff has not met this burden in her Complaint.  Plaintiff claims that she "desires to visit Shelter Insurance not only to avail herself of the goods and services available at the property but [also] to assure herself that this property is in compliance with the ADA so that he [sic] and others similarly situated will have full and equal enjoyment of the property without fear of discrimination."  This general desire, without any imminent plans to patronize the subject property, or any more definite identification of defendant's products than its "goods and services," is insufficient to demonstrate the "injury-in-fact" required for standing.  See Brown, 2010 U.S. Dist. LEXIS 10695, at *10 ("An ADA plaintiff cannot manufacture standing to sue in a federal court by simply claiming that she intends to return to the Facility.").  Likewise, Plaintiff's intention to serve as a "tester" of whether the property is in ADA compliance is, in and of itself, insufficient to establish standing.  See Brown, 2010 U.S. Dist. LEXIS 10695, at *12, n. 6 (plaintiff's "'tester' status does not relieve her of the obligation to prove in this case that she will return to [defendant's business] once the alleged barriers to access are removed.").  Accordingly, based upon the Court's review of the record before it, the Court orders Plaintiff to replead her Complaint to provide a more definite statement so that the Court can determine if Plaintiff has standing and the Court has jurisdiction in this case.

     Accordingly,

     IT IS HEREBY ORDERED that Plaintiff shall file an amended complaint by **March 26, 2012**.

Dated this 9th day of March, 2012.

_____
JOHN A. ROSS
UNITED STATES DISTRICT JUDGE